LESSFORD (KEILER v.). See Case No. 7,-649.

---

## Case No. 8,276a.

### LESSER v. SKLARZ.

[Betts, Scr. Bk. 601.]

Circuit Court, S. D. New York.   Nov. 5, 1859.

COPYRIGHT—TRANSLATION.

[A translation from the original Hebrew, of the Pentateuch, is subject to copyright.]

This case came up under two forms of action: One for an infringement of a copyright which the plaintiff [Isaac Lesser] claimed to have in a printed book; and, secondly, for an injunction to restrain the defendant [Samuel Sklarz] from printing, publishing, or selling or exposing for sale a piratical edition of the plaintiff's English translation from the original Hebrew of the five books of Moses and portions of the prophets. It was stated under oath that a Hebrew in the employ of the plaintiff went to the store of the defendant, and saw his wife. She said her husband was not at home, but being told the object of the visit was to procure a cheap English edition, translated, of the five books of Moses, she said her husband had such a cheap translation, and, going to a glass case where Hebrew books were for sale, said she could not find them. The purchaser saying he could not wait, she produced the books, and said her husband charged $6 and $7 for them, according to the style of binding. The witness subsequently went again, and saw the defendant, and from him made a purchase of copies of the books, being a mere fac simile of the plaintiff's translation. This was the substance of the complaint.

Mr. Cutter for complainant said his client was one of the Hebrew ministers of a large synagogue in Philadelphia, and contended that, as his client had taken out a copyright for his work, this was such an in-fringement as would justify the court to put a stop to the sale of the printed work of the defendant.

Mr. Joachimson, on the other side, contended that the defendant could not be made amenable for selling or printing or publishing a book which had existed beyond the memory of man. If he could, then the Messrs. Harpers could be enjoined from publishing or selling their translation of the Bible. Such books were not the subject of a copyright law.

The facts in the case were not contested by the counsel on either side; and BETTS, District Judge, after listening patiently to a long argument, granted the injunction, and gave a judgment for the plaintiff.